UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:19-CV-99-JEM |
| ) | |
| HEIRS AND DEVISEES OF ) | |
| RUTH L. TOTH, *et al.*, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 53], filed by the Government on June 22, 2023.

**I.     Background**

On October 25, 2019, the Government filed its Complaint alleging that Ruth L. Toth had executed a mortgage and promissory note on June 1, 1998, passed away on September 27, 2013, that the Government is the holder of the note and mortgage, and the note was in default. At that time, the heirs and devisees of Ruth L. Toth were unknown. Defendant Beccue was alleged to be residing on the property and was served on October 29, 2019. The Court granted leave to serve the remaining heirs and devisees by publication on November 12, 2019, and March 4, 2020. As a result of the Presidentially declared COVID-19 National Emergency, HUD authorized FHA to implement moratoriums on foreclosures, and the Government accordingly refrained from proceeding with the case during the pendency of the moratorium. In November 2021, a status report was filed by the Government indicating that a title search had been obtained, and an extension of time to serve the heirs and devisees was sought. On June 1, 2022, an Amended Complaint was filed identifying the heirs and devisees as Walker and Beccue, summons were issued, and both Walker and Beccue answered the Amended Complaint.

The instant Motion for Summary Judgment and the notice to pro se parties were filed on June 22, 2023. On July 13, 2023, the Court ordered Defendants to file any responses by July 26, 2023. Walker filed her response on July 17, 2023. At a status conference on July 27, 2023, Beccue was given an extension of time to July 31, 2023, to file his response and the Government was granted until August 3, 2023 to file any reply. On August 2, 2023, the Court received a letter from Beccue dated June 19, 2023, which the Court construes as a response. Plaintiff did not file a reply, and the time to do so has expired.

The parties have orally consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that

there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

**III.    Material Facts**

Ruth L. Toth was the mother of Nancy Walker and Lynn A. Beccue. Ms. Toth signed mortgages and promissory note secured by real property owned by her. The holder of the note and mortgages is the Government. Ms. Toth died on September 27, 2013. Mr. Beccue lives at the property. Following Ms. Toth's death, repayment of the debt became in default. As of March 22, 2022, the sum of $122,826.37 was due. That balance is comprised of principal of $48,302.04, interest of $56,332.24, a service charge of $8,550.00, and mortgage insurance premiums of $11,642.00. Interest continues to accrue at the rate of $7.80 per day from March 23, 2022. Expenses, including real estate taxes, insurance premiums and expenses incurred by the Government also continue to accrue.

**IV.    Analysis**

The Government argues that it is entitled to summary judgment because there is no factual dispute. It avers that Ms. Toth executed the note and mortgages at issue, repayment of the debt reflected

in those agreements is in default, the amount of the default as of March 22, 2022, was $124,826.37, and interest continues to accrue at the rate of $7.80 per day from March 23, 2022, until the property is sold. Defendant Walker argues that the Government should not have allowed interest and expenses to accrue for as long as it did—for a total of 10 years, 6 years from the time Ms. Toth's death in 2013 until suit was filed in 2019, and again from the filing in 2019 through the present --and suggests that judgment in the sum of $93,335.00 would be acceptable to her. Beccue argues that HUD should have taken possession of the property at the time of Ms. Toth's death, and thereby not incurred so much interest. He also indicates that he has reached out to Indiana Legal Aid but received no assistance and asks for additional time to have Indiana Legal Aid respond to him.

Defendants do not provide a legal basis for relief from foreclosure of the debt, nor do they identify any material fact in dispute. A significant portion of the delay, some eighteen months, is attributable to the COVID-19 pandemic emergency measures, including a moratorium on mortgage foreclosure actions. In light of the lack of any disputed facts or legal argument why judgment is not appropriate, the Court concludes that no reasonable fact finder could conclude that the debts are not in default. Because Defendants cannot show that the debts are not in default, summary judgment is warranted. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted) ("[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party."). The Government is entitled to a judgment of foreclosure against the property.

**V.     Conclusion**

Accordingly, the Court **GRANTS** the Motion for Summary Judgment [DE 53] and:

4

1. **FINDS** that the lien of the Government's mortgage is prior and paramount to the interest of all other parties;

2. **ORDERS** that the equity of redemption of the heirs of Ruth L. Toth, and all persons claiming under or through her, in the real estate is foreclosed;

3. **DIRECTS** the Clerk of the Court to enter judgment in favor of Plaintiff United States of America *in rem* against the real property commonly known as 7525 W. 700 N., Fair Oaks, Indiana 47943 (legally described on Exhibit A) in the sum of $124,826.37, plus continuing interest at the rate of $7.80 per day from March 22, 2022 to the date of sale;

4. **DIRECTS** the U.S. Marshal to sell the real property and pay the proceeds to pay the Marshal's costs, then to pay the judgment of the Government, and with any then remaining funds paid to the Clerk of the Court to be held until further order of Court;

5. **STRIKES** [DE 58] proposed order filed in error; and

6. To the extent that Beccue's pleading is a request for a continuance, **DENIES** that relief requested [DE 63].

SO ORDERED this 4th day of August, 2023.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Defendant Walker, *pro se*
        Defendant Beccue, *pro se*